### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

SOCORRO ANDRADE and
IVONNE ANDRADE,

                          Plaintiffs,

v.                                                        Case No. 06 CV 2086-CM-DJW

BOARD OF COMMISSIONERS OF
SEDGWICK COUNTY, KANSAS, et al.,

                          Defendants.

### PROTECTIVE ORDER

Pursuant to the stipulations of the parties, it is hereby ordered:

1.    Plaintiff makes allegations in this case arising out of the activities of law enforcement officers. Plaintiff and defendant recognize and agree that the prosecution of this litigation may necessitate the parties to produce confidential criminal and internal investigative files and policies of the Sedgwick County Sheriff's Office and other law enforcement agencies. These files may include confidential employment and training records of law enforcement personnel.

2.    When used in this order, the word "document" means all written, recorded, or graphic material whatsoever, including but not limited to, documents produced voluntarily or pursuant to a subpoena.

3.    When used in this Order, the term "non-party" means any person other than corporate or outside counsel for the parties in this action, secretaries, paralegal assistants, and clerical personnel employed by counsel who are engaged in assisting such counsel in the litigation of this lawsuit, and the parties or their officers.

4. For purposes of this protective order, "confidential documents" shall mean the following:

    a. Employment records of any employee of the office of the Sedgwick County Sheriff or any other law enforcement agency.

    b. Criminal investigative files maintained by the office of the Sedgwick County Sheriff or any other law enforcement agency.

    c. Internal investigation files and/or other investigative reports maintained by the office of the Sedgwick County Sheriff or any other law enforcement agency.

    d. Rules, policies and procedures of any law enforcement agency.

    e. Documents relating to any training received by law enforcement officers.

5. To come under the protection of this order, the party producing a confidential document shall label it as "Confidential" when produced.

6. No confidential documents, or information contained therein, may be used for any purpose except the litigation of this action and in accordance with this Order.

7. Except as provided in this Order, no document designated "Confidential," and no information contained therein, may be disclosed to any non-party.

8. Confidential documents may be shown to an expert witness retained for the purpose of assisting in the litigation of this case if the expert witness signs an agreement in the form set forth in Exhibit A.

9. Confidential documents may be referred to in interrogatory answers, motions, pleadings, and briefs, and may be marked as deposition exhibits or trial exhibits in the lawsuit; provided, however, that no confidential document shall be used for any of these purposes unless:

    a. There is a written agreement with the provider of said document to allow such use without the necessity of filing under seal; or

    b. The party seeking to use the confidential document first files a motion with the court and is granted leave to file the particular document under seal.

  10. Any disputes between the parties as to the designation of a document as confidential shall immediately be discussed between the parties.  If, after consulting and conferring, the parties cannot resolve the dispute as to the designation of the document, the matter will be presented to this court by appropriate motion.

  11. Within 60 days after the final termination of this action, including appeals, the parties shall return to the provider's counsel all confidential documents covered by this order. This obligation also applies to any copies, abstracts, or summaries of confidential documents, excluding work product.

  12. After the final disposition of this case, any party may seek leave to reopen the case to enforce the provisions of this Order.

  IT IS SO ORDERED this 16th day of August 2006 at Kansas City, Kansas.


                s/ David J. Waxse
                David J. Waxse
                United States Magistrate Judge

APPROVED:


_s/ Aldo P. Caller_
Aldo P. Caller, #13808
10000 W. 75th Street
Kings Cove Office Park, Ste. 200
Shawnee Mission, KS  66204
*Attorney for Plaintiffs*
WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC



By:   _s/ Alan R. Pfaff_
    Alan R. Pfaff, #12949
    *Attorneys for Defendants*